BROWN v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6862. Decided Jan. 25, 1926

1054. ROBBERY—Where error is claimed in refusal of court to charge on pocket picking when defendant has been indicted for robbery; and the bill of exceptions does not set forth evidence sufficient to prove the elements of pocket picking, the reviewing court is not justified in reversing the decision when from the state of the bill of exceptions it is impossible to determine how defendant was prejudiced.

SULLIVAN, J.

Robert Brown was convicted of the crime of robbery, in the Cuyahoga Common Pleas, and sentenced to the penitentiary for ten years on the counts of assault with intent to commit a felony and for robbery.

Error was prosecuted and it was claimed that the court erred in refusing the request of Brown, to charge the jury that under the evidence, it could return a verdict of pocket picking as well as robbery; and that defendant was prejudiced in that had the charge been given the defendant might have received a sentence of five and not ten years in the penitentiary.

It is urged that the authority for this request which the court refused to follow is Brown v. State, 2 C. C. n.s. 409 which was later affirmed in 77 OS. 636. This case holds that crimes need not be divided into degrees so that the jury is authorized to find the defendant guilty of an attempt to commit a crime; and inasmuch as the only difference between robbery and pocket picking is that the latter lacks the elements of force violence or putting in fear, one indicted for robbery can be convicted of pocket picking. The Court of Appeals held:

1. The record in the case of 77 OS. 636 disclosed all the elements of the crime of pocket picking; and if it was the duty of the court to charge that the defendant could be convicted of pocket picking when charged with robbery, it was because the evidence in the case tended to prove pocket picking.

2. The bill of exceptions in this case does not show evidence satisfying the requirements of the statute as to pocket picking.

3. It is fair to presume that the evidence in the case did not justify the charge because it is reasonable to believe that the lower court had knowledge of the decision in 77 OS. 636.

4. In this state of the bill of exceptions, it is impossible for the reviewing court to determine whether pocket picking ought to have been charged and whether the defendant was prejudiced by the refusal to charge the request.

Judgment affirmed.

Attorneys—Mark Moore for Brown; E. C. Stanton for State; both of Cleveland.